**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

September 14, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Heather Finzel v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. CJC-25-1519

Dear Counsel:

Plaintiff/Claimant Heather Finzel petitions this Court to review the Commissioner of the Social Security Administration's (the "Commissioner") final decision involving her claims for Supplemental Security Income ("SSI"). ECF No. 13 at 3. The Court has considered the record and the parties' briefs. ECF Nos. 8, 11, 13. No hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the Court reverses and remands this case for further proceedings.

I. **PROCEDURAL HISTORY**

On April 7, 2021, Finzel applied for SSI under Title XVI of the Social Security Act. R. 186–192. Finzel's claim was denied initially and on reconsideration. R. 126–29, 137–39. Finzel requested a hearing before an Administrative Law Judge ("ALJ"). R. 140. Following the hearing, the ALJ issued a decision in which the ALJ found that Finzel was not disabled. R. 10–28. Finzel then requested that the Social Security Appeals Council review the ALJ's decision. R. 184–85. On April 9, 2025, the Appeals Council denied her request for review, rendering the ALJ's decision the final, reviewable decision of the Social Security Administration. R. 1–5. Finzel then timely petitioned for judicial review in this Court on May 12, 2025. ECF No. 1.

II. **THE ALJ'S DECISION**

A claimant is legally disabled under the Social Security Act if they are unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). The ALJ must conduct a five-step sequential evaluation to determine if a claimant is disabled. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "For the first four steps, the burden lies with the claimant; at step five, it shifts to the Commissioner." *Thomas v. Berryhill*, 916 F.3d 307, 310 (4th

Cir. 2019), *as amended* (Feb. 22, 2019). The ALJ reviews whether the claimant "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock*, 667 F.3d at 472. Prior to steps four and five, the ALJ must determine a claimant's Residual Functional Capacity ("RFC"), which is the most work a claimant can do despite their physical and mental limitations. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 254 (4th Cir. 2017).

The ALJ here conducted the sequential evaluation as follows. At step one, the ALJ found that Finzel "has not engaged in substantial gainful activity since March 1, 2021, the application date." R. 13. At step two, the ALJ determined that Finzel had the following severe impairments: "degenerative disc disease, scoliosis, sacroiliac joint disorder, Crohn's disease, GERD, irritable bowel syndrome (IBS), depressive disorder, bipolar disorder, personality disorder, post-traumatic stress disorder (PTSD)." R. 13. At step three, the ALJ found that Finzel did not "have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." R. 13. The ALJ then found that Finzel had the RFC to

> perform light work as defined in 20 CFR 416.967(b) except the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl but never climb ladders, ropes and scaffolds. The claimant can have occasional exposure to extreme cold, excessive vibrations, and significant workplace hazards (for example unprotected heights, uneven surfaces, or heavy machinery with unshielded moving mechanical parts). The claimant can understand, remember [and/or] carry out simple instructions; can use judgment to make simple work-related decisions; and can deal with occasional changes in a routine work setting. Finally, the claimant can have brief interactions with the public and no more than occasional interactions with coworkers and supervisors (once the job is learned and duties are assigned). Once work is assigned it should be able to be performed primarily without working in coordination with other employees.

R. 18.

At step four, the ALJ found that Finzel was unable to perform any past relevant work. R. 21. At step five, the ALJ determined that, based on Finzel's "age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Finzel] can perform." R. 21. As a result, the ALJ concluded that Finzel was not disabled. R. 22.

## III. STANDARD OF REVIEW

The Court will affirm the ALJ's decision if the ALJ's factual findings are "supported by substantial evidence and were reached through application of the correct legal standard." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023) (citation omitted); 42 U.S.C. § 405(g). An ALJ's decision satisfies the substantial evidence standard if it contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). In conducting this review, the

Court determines "not just 'whether the ALJ examined all relevant evidence' but also whether the ALJ 'offered a sufficient rationale in crediting certain evidence and discrediting other evidence.'" *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025) (citation omitted).

## IV. **DISCUSSION**

Finzel raises two primary challenges to the ALJ's decision. First, she takes issue with the ALJ's RFC assessment and identifies several specific alleged errors. Second, she argues that the ALJ erroneously evaluated her subjective complaints. Because I agree that the RFC assessment is erroneous, the Court need not address Finzel's argument regarding the ALJ's evaluation of her subjective complaints. Focusing on Finzel's RFC-related arguments, she contends that the ALJ committed five errors: (1) the ALJ failed to perform a function-by-function analysis setting forth how the evidence supported each of the ALJ's conclusions; (2) the ALJ failed to evaluate pertinent evidence; (3) the ALJ failed to explain how the RFC addressed certain moderate limitations regarding her mental impairments; (4) the ALJ failed to address Finzel's inability to perform sustained work, and (5) the ALJ failed to include any appropriate limitations related to concentration, persistence, and pace. I find that the ALJ's RFC assessment lacks the narrative discussion necessary to determine how the evidence supports the conclusions reached. Accordingly, remand on this ground is appropriate and I decline to address Finzel's other RFC-related arguments.

The RFC assessment "is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p (July 2, 1996). Agency guidance dictates that the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." SSR 96-8p (July 2, 1996). The Fourth Circuit has instructed that "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). In the absence of a logical explanation, the Court's "meaningful review is frustrated." *Id.* Remand may be necessary when "an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).

The ALJ's RFC assessment highlights evidence from the medical record but makes no express connections between that evidence and the RFC, precluding meaningful review. Specifically, the ALJ recited Finzel's diagnoses of GERD, Crohn's, and IBS (all of which the ALJ deemed severe impairments) and then proceeded to highlight parts of the record demonstrating the extent and severity of her symptoms relating to these diagnoses. R. 19. Specifically, the ALJ noted Finzel's complaints of vomiting and diarrhea six times per day, and "generalized abdominal pain." R. 19 (citing hearing testimony at R. 50, and treatment note at R. 594). The ALJ also noted the findings of medical providers that Finzel had a tender abdomen upon palpation and chronic diarrhea. R. 19 (citing R. 999, 1761, 1807). The ALJ then contrasted this evidence against other medical evidence demonstrating that Finzel had normal abdominal CT scans, normal colonoscopies, and normal bowel sounds. R. 19. In addition, the ALJ highlighted evidence showing improved bowel movements with medication. R. 19 (citing R.

968). The ALJ also considered evidence relating to Finzel's GERD, specifically highlighting that, while she "vomits when stressed," her GERD symptoms were stable with medication, and she had reported eating well and having a good appetite. R. 19.

While it is apparent that the ALJ "considered [Finzel's] gastrointestinal impairments in the residual functional capacity," what remains unclear is how the medical and other evidence of these impairments relate to the ultimate RFC findings. R. 19. There is no mention of how the ALJ weighed the conflicting evidence relating to Finzel's chronic diarrhea and vomiting, and whether these symptoms necessitated breaks during the work day. The Commissioner urges the Court to infer that the ALJ concluded that Finzel would not need any additional bathroom breaks to account for these impairments, but it is the ALJ's responsibility to "build an accurate and logical bridge from the evidence to [the] conclusion." *See Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). The ALJ's recitation of the evidence "without differentiating and explaining which evidence supported their conclusions" is not enough. *Brian T. v. Bisignano*, Civil Action No. CDA-24-1118, 2025 WL 27744104, at *3 (D. Md. Sept. 26, 2025). *See also Monroe*, 826 F.3d at 188 (finding ALJ erred by failing to make specific findings about whether claimant's apnea or narcolepsy would cause episodes necessitating breaks in work, and if so, how often); *Benfield v. Saul*, 827 F. App'x 297, 301 (4th Cir. 2020) (concluding that ALJ's failure to address in the RFC a claimant's need to urinate 20 to 30 times per day precluded meaningful review and required remand to the agency).

The ALJ's error is all the more pronounced when considering the testimony of the vocational expert ("VE"), who explained that the occupations available to Finzel would not tolerate consistent and unscheduled breaks. During the hearing, the ALJ posed a hypothetical to the VE that mirrored the RFC. *See* R. 64–65. The VE testified that based on the RFC, the occupations available to Finzel were housekeeping-cleaner, laundry worker, and mail clerk. R. 65. The VE testified that these unskilled jobs do not tolerate unscheduled absences and accommodate only standard breaks—a morning, afternoon, and meal break. R. 66. The VE also testified that employers in these occupations would not tolerate unscheduled breaks on a consistent basis. R. 66. The ALJ failed to offer any reasoning in the opinion to support the omission of breaks in the RFC. Absent clear reasoning from the ALJ, I cannot determine whether the RFC is supported by substantial evidence.

On remand, the ALJ should set forth a narrative discussion addressing how the evidence supports the RFC determination. The ALJ is welcome to consider Finzel's other arguments regarding the RFC assessment and the ALJ's analysis of her subjective complaints and make any required adjustments to the opinion. Additionally, in remanding for further explanation, I express no opinion as to whether the ALJ's conclusion that Finzel is not entitled to benefits is correct.

## V. CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Chelsea J. Crawford
United States Magistrate Judge